IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE BRANSON LABEL, INC., a Florida Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 6:14-cv-03220-GAF |
| v. | ) ) | |
| THE CITY OF BRANSON, MISSOURI, et al., | ) ) ) | |
| Defendants. | ) | |

## HCW DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

COME NOW Defendants HCW Development Company, LLC, HCW Private Development, LLC, and HCW North, LLC ("HCW Defendants") and for their Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), do hereby state:

1. Plaintiff's Complaint alleges that it is owner of property in Taney County, Missouri that is part of a commercial lifestyle center called the Branson Landing (the "Property".) The Branson Landing features retail stores, restaurants, a hotel, and other features that have made it a successful and popular destination in Branson.

2. Plaintiff has sued the two owners of the ground (The Empire District and the City of Branson). Plaintiff has also sued the HCW Defendant that leased the land ultimately developed the Branson Landing from bare ground into the successful lifestyle center that it is today.

3. Plaintiff alleges that it, a Florida corporation formed last month, is the rightful owner of part of the property on which the Branson Landing was constructed and is operating.

4. Plaintiff has also sued certain retailers that are tenants of HCW Development Company, LLC at the Branson Landing in a separate suit filed on May 14, 2014 in this Court: *The Branson Label, Inc. v. Aeropostale, Inc. et al*, Case No.: 14-cv-3222.

5. Plaintiff alleges at paragraph 11 of its Complaint that Tori, Inc. received title to the Property from W.F. and Vera Hoke in 1972. Plaintiff further alleges that the Hokes could assert a claim of ownership of the Property through a claim of adverse possession, though Plaintiff seems to acknowledge, through its failure to allege otherwise, that the Hokes had not actually made such a claim in court or received an adjudication of their ownership.

6. Plaintiff goes on to allege that Tori, Inc. became administratively dissolved in 1986, at which time the Reas, "statutory trustees" of Tori, Inc. quit claimed the property from themselves to one another and/or Darlene Rea and ultimately to Plaintiff.

7. Plaintiff alleges that a 1992 quit claim deed from Peter and Darlene Rea conveyed title in the Property to it, giving rise to the various claims it asserts in this case.

8. In sum, Plaintiff alleges that:

   a. the Hokes were not record owners of the Property, but could have pursued a claim of adverse possession, such that their purported conveyance of the Property to Tori, Inc. conveyed good title; and

   b. subsequent conveyance of the Property by Peter and Darlene Rea, who were never record owners of the Property, was nonetheless a valid conveyance because the Reas were statutory trustees of Tori, Inc., which they incorrectly allege was administratively dissolved.

9. Even if one assumes that Plaintiff's allegations are factually correct, Plaintiff fails to state a claim upon which relief can be granted, in that:

a. The Reas were never owners of the Property and had no rights to convey to Plaintiff, thus Plaintiff acquired no interest in the Property;

b. Even assuming for purposes of this Motion that Tori, Inc. had been administratively dissolved, the Reas, alleged statutory trustees, did not obtain ownership in their personal names; and

c. Plaintiff does not otherwise allege any conveyance of the Property by Tori, Inc.

10. Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief could be granted.

WHEREFORE, the HCW Defendants pray this Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted, for its costs and expenses incurred herein, including attorneys' fees, and for such other and further relief as this Court deems just and proper.

SUMMERS COMPTON WELLS LLC

 */s/ Daniel J. Welsh*
DANIEL J. WELSH #49765MO
8909 Ladue Road
St. Louis, MO 63124
(314) 991-4999 (Telephone)
(314) 991-2413 (Facsimile)
dwelsh@summerscomptonwells.com

CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

 */s/ Daniel J. Welsh*