IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

THE BRANSON LABEL, INC., a Florida )
Corporation, )
 )
      Plaintiff, )
 )    Case No. 6:14-cv-03220-GAF
v. )
 )
THE CITY OF BRANSON, MISSOURI, )
et al., )
 )
      Defendants. )

## SUGGESTIONS IN SUPPORT OF HCW'S 12(b)(6)MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**I.    Background.**

      This lawsuit involves an extensive and well known commercial development in Taney County, Missouri called the Branson Landing.  The Branson Landing is a lifestyle center that features retail stores, restaurants, a hotel, and other features that have made it a successful and popular destination in Branson.

      The record owners of the real estate on which the Branson Landing is located are the Empire District and the City of Branson. The HCW Defendants leased the land and ultimately developed the bare ground into the Branson Landing, investing hundreds of millions of dollars.

      Plaintiff alleges that it, a Florida corporation formed last month, is the rightful owner of part of the property on which the Branson Landing was constructed and is operating (the "Property".)  Complaint Doc 1, ¶31.  Plaintiff has also sued certain retailers that are tenants of HCW Development Company, LLC at the Branson Landing in a separate suit filed on May 14, 2014 in this Court:  *The Branson Label, Inc. v. Aeropostale, Inc. et al*, Case No.:  14-cv-3222.

Plaintiff alleges at paragraph 11 of its Complaint that Tori, Inc. received title to the Property from two individuals:  W.F. Hoke and Vera Hoke.  Complaint, Doc. 1, ¶11a.  Plaintiff further alleges that the Hokes could have asserted a claim of ownership of the Property through a claim of adverse possession, though Plaintiff seems to acknowledge, through its failure to allege otherwise, that the Hokes had not actually made such a claim in court or received an adjudication of their ownership.  *Id.*  Plaintiff goes on to allege that Tori, Inc. was administratively dissolved in 1986 (a factual inaccuracy, but assumed true for purposes of this motion) and that the "statutory trustees", Peter and Darlene Rea thereafter quitclaimed the Property from themselves, individually, to The Branson Label.  Complaint, Doc. 1, ¶¶ 11b-f.  Plaintiff does not allege that Tori, Inc. ever conveyed the Property to it.  Nor does Plaintiff ever allege that Tori, Inc. conveyed title to Peter and Darlene Rea.

## II.      Peter and Darlene Rea never had title and had nothing to convey to Plaintiff.

Putting aside the absence of diversity jurisdiction, which is addressed in a separate motion, the unequivocal allegations of Plaintiff's Complaint establish that it cannot state a claim under Missouri law.  Plaintiff alleges facts admitting that its claim of title is based on conveyances outside the chain of title. Plaintiff nonetheless claims ownership of the Property through its apparent belief that the statutory trustees of a dissolved corporation became owners of the Property by operation of law and were able to convey ownership.[1] This theory, however, is contrary to Missouri law.  Missouri statutes governing corporate dissolution clearly establish that the Reas never had an interest in the Property and conveyed no interest to Plaintiff.  Plaintiff therefore fails to allege any facts that, if true, would result in it having any claim of ownership.

Plaintiff alleges that Tori, Inc. became administratively dissolved in 1986 and that Peter

---

[1] Nothing contained herein shall be construed as an admission that either the Hokes or Tori, Inc. ever had an interest in the Property, said claims being expressly denied.

and Darlene Rea, as "statutory trustees," quitclaimed the property from themselves to

The Branson Label, Inc. in 1987. Complaint, Doc. 1, ¶¶ 11a-f. Although Plaintiff does not

specifically allege it, one can infer that Plaintiff believes title to property owned by a dissolved

corporation automatically vests in the statutory trustees (the directors.) Missouri law holds

otherwise.

Administrative dissolution of corporations is addressed in Chapter 351 of the Missouri

Revised Statues. Section 351.486 provides that administrative dissolution does not terminate the

existence of the corporation. 351.486 Rev. Stat. Mo. The corporate existence continues, it may

continue to operate to wind up its affairs, and its registered agent continues to retain its authority.

*Id.*

Dissolution of a corporation does not transfer title to the corporation's property.

§351.476 Rev. Stat. Mo. Legal title to corporate property remains in the corporation. *Walters*

*v. Larson*, 270 S.W.2d 112, 115 (Mo. App. W.D. 1954). Even if a corporation has dissolved

and ceased doing business, legal title to its property remains in its name and any attempts to

transfer the property by one other than the corporation are ineffective. *Id.* Moreover, an

individual shareholder does not, by virtue of his ownership of shares, own the corporation's

assets, even if he is the sole shareholder. *Dole Food Co. v. Patrickson*, 123 S.Ct. 1655 (2003)

and *Hutchings v. Manchester Life and Cas. Management Corp*,. 896 F.Supp. 946, 947 (E.D.

Mo. 1995).

Plaintiff's apparent contention that administrative dissolution operates to pass ownership

of corporate assets to the individuals who serve as directors, and thus statutory trustees, finds no

support in Missouri law. Even if one assumes that Tori, Inc. was administratively dissolved in

1986, it retained its corporate existence. Any interest that Tori, Inc. had in the Property remained

in Tori, Inc.'s name and did not automatically vest in the Reas without a conveyance or passing of title. No such conveyance is alleged.

When Peter and Darlene Rea purported to quitclaim ownership of the Property to themselves and then to Plaintiff in 1987, they had nothing to convey. As Peter and Darlene Rea had no rights to convey, Plaintiff obtained no rights. *See In re Marriage of Kirkham*, 975 S.W.2d 500, 505 (Mo. App. S.D. 1998)(One who receives a quitclaim deed receives only what grantor possessed and nothing else.) In fact, a quitclaim deed does not import that the grantor has any interest at all and the absence of such assurances is enough to arouse suspicion and put the grantee on notice. *R & R Land Development, L.L.C. v. American Freightways, Inc*. 389 S.W.3d 234, 242 (Mo. App. S.D. 2012).

The plain allegations of Plaintiff's Complaint establish that its claim to title to the Property is outside the chain of title as it is alleged to have existed. Its claim of title is based upon a quitclaim deed by one who never had any interest in the property. Plaintiff obtained no cognizable or enforceable rights in the Property and thus fails to state any claim upon which relief can be granted by this Court. Its complaint should be dismissed with prejudice.

SUMMERS COMPTON WELLS LLC

 */s/ Daniel J. Welsh*
DANIEL J. WELSH #49765MO
8909 Ladue Road
St. Louis, MO 63124
(314) 991-4999 (Telephone)
(314) 991-2413 (Facsimile)
dwelsh@summerscomptonwells.com

<u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on June 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

    */s/ Daniel J. Welsh*