IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE BRANSON LABEL, INC., a Florida Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 6:14-cv-03220-GAF |
| v. | ) ) | |
| THE CITY OF BRANSON, MISSOURI, et al., | ) ) ) | |
| Defendants. | ) | |

**HCW DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

COME NOW HCW Development Company, LLC, HCW Private Development, LLC, and HCW North, LLC, ("HCW Defendants") by and through undersigned counsel, and for their Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, do hereby state:

1. Plaintiff's Complaint alleges that it is owner of property in Taney County, Missouri that is part of a commercial lifestyle center called the Branson Landing (the "Property".) The Branson Landing features retail stores, restaurants, a hotel, and other features that have made it a successful and popular destination in Branson.

2. Plaintiff has sued the two owners of the ground (The Empire District and the City of Branson). Plaintiff has also sued the HCW Defendants, which leased the land and ultimately developed the Branson Landing from bare ground into the successful lifestyle center that it is today.

3. Plaintiff alleges that it, a Florida corporation formed last month, is the rightful owner of part of the property on which the Branson Landing was constructed and is operating.

4. Plaintiff has also sued certain retailers that are tenants of HCW Development Company, LLC at the Branson Landing in a separate suit filed on May 14, 2014 in this Court: *The Branson Label, Inc. v. Aeropostale, Inc. et al*, Case No.: 14-cv-3222.

5. Plaintiff has invoked this Court's jurisdiction pursuant to 28 U.S.C. §1332.

6. Plaintiff alleges that "Branson Label is a corporation organized and existing under Florida law with its principal place of business in Florida." *Complaint, ¶4.*

7. Plaintiff's claim purports to arise from a deed executed in Missouri conveying Missouri property from Missouri residents W.F. and Vera Hoke to Tori, Inc. and then from the Reas to Branson Label, then a Missouri corporation. (*Complaint, ¶11.*) [1]

8. The Branson Label was a Missouri corporation for the 22 years preceding the filing of this action.

9. On May 9, 2014 (just two business days prior to this suit being filed), The Branson Label, Inc. ("Missouri Branson Label") merged with a Florida corporation of the same name that had been formed the day before ("Florida Branson Label").

10. Title 28 U.S.C. §1359 addresses the manipulation of corporate domicile for purposes of creating diversity of citizenship:

> **Parties collusively joined or made**.
>
> A district shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

11. The Branson Label, Inc. was formed in Missouri on May 7, 1992. The incorporator was Peter H. Rea who provided an address of 118 ½ S. Commercial, Branson, Missouri. (Ex. A: *Articles of Incorporation of The Branson Label, Inc.*)

---

[1] The fact that The Branson Label, Inc.'s ownership purports to arise from a conveyance by two individuals who were never in the chain of title will be addressed by a separate 12(b)(6) Motion to Dismiss.

12. Peter H. Rea also incorporated Tori, Inc. (purportedly the indirect source of Plaintiff's claim) on November 13, 1967. (Ex. E: *Articles of Incorporation of Tori, Inc.*)

13. Peter Rea served as the registered agent for Missouri Branson Label and Tori, Inc. (Exs. A-E: *Articles of Incorporation and Annual Reports of Branson Label and Tori, Inc.*)

14. Missouri Branson Label was formed to:

> "…operate a music recording business, sale and distribution of records, tapes, and compact disks, and any other provisions in connection with this business and not inconsistent with law." (Ex. A: *Articles of Incorporation of The Branson Label, Inc.*)

15. From 1992 through 1994, Missouri Branson Label's principal place of business was 118 ½ So. Commercial in Branson. (Ex. B: *Annual Reports of The Branson Label, Inc. for 1992 through 1994*.)

16. In 1995, Missouri Branson Label was administratively dissolved. (Ex. C: *Administrative Dissolution of The Branson Label.*)

17. It was reinstated on July 8, 2013, at which time Missouri Branson Label filed its annual reports for the years 1995 through 2013. (Ex. D: *Reinstatement and Annual Reports of The Branson Label, Inc.*)

18. The lone officer and director listed for 1995 through July, 2013 was Peter Rea and the principal business address at the time of the reinstatement was 178 Lakeside Way, Forsyth, Missouri (Peter Rea's home). (Ex. D: *The Branson Label Inc. Reinstatement and Annual Reports.*)

19. On May 8, 2014, Florida Branson Label was incorporated in Florida. (Ex. F: *Articles of Incorporation of The Branson Label, Inc. (Florida)*).

20. The next day, Missouri Branson Label merged with Florida Branson Label. (Ex. G: *Plan of Merger*; and Ex. H: *Certificate of Merger (Missouri)*)

3

21. There is no city or town in Florida by the name of Branson.

22. Florida Branson Label has a purported business address of: 16620 Senterra Drive, Delray Beach, Florida. (Ex. F: *Branson Florida Articles of Incorporation.*)

23. The property at 16620 Senterra Drive, Delray Beach, Florida is a residence that is listed for sale. (Ex. I: *Palm Beach County Property Appraiser printout;* Ex. J: *Property Listing*)

24. Upon information and belief, Florida Branson Label has no business operations and no material assets other than its ownership of the cause of action asserted here.

25. Likewise, Missouri Branson Label had no business operations or material assets other than the instant cause of action.

26. The ownership of the property that is the subject of Plaintiff's claim (referred to as the "Property") has been the subject of years' of litigation in Taney County Circuit Court and is the subject of a case pending against The Branson Label, Inc. that was filed on April 4, 2014.

27. The litigation over ownership of the Property has been complicated, costly, and time consuming.

28. The Taney County Circuit Court cases that resolved ownership of the property are:

   a. *The Empire District Electric Company v. The Branson Paper, Inc. et al*, Cause No.: 03 CV 787034 (referred to as "Quiet Title Case 1"). The Branson Paper is also a Peter Rea entity; and

   b. *Bank of America et al v. Douglas A. Coverdell Et al*, Cause No.: 11AF-CC00244 ("Quiet Title Case 2").

29. Peter and Darlene Rea (who are Plaintiff's alleged source of title) were parties to Quiet Title Case 1, in which ownership of the Property and validity of the Hoke deed was adjudicated. (Ex. K: *Quiet Title Case 1 pleading.*)

30. Quiet Title Cases 1 and 2 also litigated the ownership interest of Douglas Coverdell and Coverdell Enterprises, Inc., each of whom claimed ownership of the Property through conveyances by Peter and Darlene Rea or an entity they formed, including Tori, Inc.

31. Quiet Title Cases 1 and 2 each quieted title in The City of Branson or the Empire District Electric Company, denied the claims of Coverdell or Rea and their respective entities, and rejected the Hoke deed as a valid conveyance of title. The cases are on appeal and at the briefing stage.

32. On April 4, 2014, Coverdell filed suit in the City of St. Louis Circuit Court against The Branson Label alleging that Peter and Darlene Rea were owners of Tori, Inc., had transferred their interest in Tori to The Branson Label, and that title to the Property was then conveyed by warranty deed to Coverdell. (Ex. L: *Coverdell v. Branson Label, cause number 1422-CC00761.*

33. Three cases filed in Missouri state court prior to this suit being filed involve Tori Inc., The Branson Label, and Darlene and Peter Rea and the validity of their ownership and conveyances in the Property. Two of those cases have already been decided adverse to the interest of Peter and Darlene Rea: the alleged grantors of Plaintiff's interest in the Property.

34. The merger of the Missouri entity into a newly formed Florida entity two days before suit was filed was fraudulently done for the purpose of manufacturing diversity jurisdiction to avoid having this dispute heard in Taney County Circuit Court, which has already decided the myriad issues surrounding the validity of various deeds affecting the Property at

5

issue in this case, concluded that Peter and Darlene Rea and Tori, Inc. never had any interest in the Property, and held that the Hoke deed was a stray deed that could not convey an interest in the Property.

36. Plaintiff's manufactured diversity in its attempt to burden the Federal courts with a claim that has been decided by Missouri state courts, at substantial expense to the defendants, should be rejected.

37. Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

WHEREFORE Defendants pray this Court enter an order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction, for its costs and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as this Court deems just and proper.

SUMMERS COMPTON WELLS LLC

 /s/ Daniel J. Welsh
DANIEL J. WELSH #49765MO
8909 Ladue Road
St. Louis, MO  63124
(314) 991-4999 (Telephone)
(314) 991-2413 (Facsimile)
dwelsh@summerscomptonwells.com

CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

 /s/ Daniel J. Welsh