IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

THE BRANSON LABEL, INC., a Florida )
Corporation, )
 )
    Plaintiff, )
 ) Case No. 6:14-cv-03220-GAF
v. )
 )
THE CITY OF BRANSON, MISSOURI, )
et al., )
 )
    Defendants. )

## SUGGESTIONS IN SUPPORT OF HCW'S 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

*I.    Background.*

This lawsuit involves an extensive and well known commercial development in Taney County, Missouri called the Branson Landing. The Branson Landing is a lifestyle center that features retail stores, restaurants, a hotel, and other features that have made it a successful and popular destination in Branson.

The record owners of the real estate on which the Branson Landing is located are the Empire District and the City of Branson. The HCW Defendants leased the land and ultimately developed the bare ground into the Branson Landing, investing hundreds of millions of dollars.

This lawsuit follows many years of litigation involving Peter Rea[1] and his entities and associates, including Tori, Inc., The Branson Label, Inc., The Branson Paper, Inc., Douglas Coverdell, and Coverdell Enterprises. Each of the foregoing has asserted a claim of some sort contending that it is the rightful owner of part of the Branson Landing, as opposed to those

---

[1] Peter Rea is a former Taney County Circuit Court judge. He resigned from the bench in 1999 after pleading guilty to multiple charges. In July, 2000, he was sanctioned by the Pulaski County Circuit Court for the filing of false pleadings, false affidavits, and perjured testimony. *See Rea v. Moore*, 74 S.W.3d 795 (Mo. App. S.D. 2002.)

owners who appear in the title records. Each of the foregoing has asserted some claim of ownership arising from a deed prepared by or executed by Peter Rea.

The claims arise out of a legal description appearing for the first time in a deed from W.F. and Vera Hoke to Tori, Inc. dated May 10, 1972. In reliance on the Hoke to Tori Deed, Peter Rea or Tori, Inc. sought three times to quiet title against The Empire District. In the third attempt, the court dismissed Tori's claim with prejudice.

In 1999, Tori executed a deed containing the flawed legal description to Doug Coverdell. Ex. M: *Tori, Inc. to Coverdell deed.* Doug Coverdell then embarked on a decade of litigation over ownership of the property, including a jury trial and entry of a judgment that was reversed for plain error. Ex. P: *Southern District Court of Appeals opinion reversing judgment.* On remand after reversal at the Southern District court of appeals, summary judgment was entered affirming title in the record title holders: The Empire District and the City of Branson. Ex. N: *Summary Judgment orders from Taney County Circuit Court.*

Peter Rea's litigation activities were so abusive and spurious that the Taney County Circuit Court entered an order on February 24, 2012 striking all pleadings and motions filed by Peter Rea and ordering that no party should respond to anything he filed before or after the date of the order. Ex. O: *Order Striking All Documents Filed by Peter Rea.*

Now The Branson Label, Inc. has files its claim contending that *it* is the rightful owner of the property. The Branson Label, Inc. is another entity formed by Peter Rea and in whose favor a quit claim deed was executed by Peter Rea and is the latest iteration in the attempt to cloud title and burden the Defendants with expensive litigation.

The Branson Label, Inc. alleges that it, a Florida corporation formed last month, is the rightful owner of part of the property on which the Branson Landing was constructed and is

operating (the "Property".)  Plaintiff has also sued certain retailers that are tenants of HCW Development Company, LLC at the Branson Landing in a separate suit filed on May 14, 2014 in this Court:  *The Branson Label, Inc. v. Aeropostale, Inc. et al*, Case No.:  14-cv-3222.

Plaintiff alleges at paragraph 11 of its Complaint that Tori, Inc., was grantee of a deed by which two individuals, W.F. and Vera Hoke conveyed property.  *Complaint, Doc. 1, ¶11.* Plaintiff further alleges that the Hokes could assert a claim of ownership of the Property through a claim of adverse possession, though Plaintiff seems to acknowledge, through its failure to allege otherwise, that the Hokes had not actually made such a claim in court or received an adjudication of their ownership. *Id.*

Plaintiff goes on to allege that Tori, Inc. was administratively dissolved in 1986 (believed to be a factual inaccuracy, but assumed true for purposes of this motion) and that the "statutory trustees" (the Reas) quitclaimed the property from themselves, individually, to themselves and Darlene Rea, and ultimately The Branson Label.  *Id.* Plaintiff does not allege that Tori, Inc. ever conveyed the Property to it.  Nor does Plaintiff ever allege that Peter and Darlene Rea were owners of record in the chain of title.

Putting aside the legal deficiencies in the claim, discussed in a separate motion, the claim is outside the Court's subject matter jurisdiction due to lack of diversity.  The Branson Label, Inc. has, for decades, been a Missouri corporation.  Two days before this suit was filed, The Branson Label merged into a newly formed Florida entity by the same name.  The suit was then filed in the name of the three day old Florida entity.

## II.    *Manufactured Diversity does not create jurisdiction.*

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state where it is incorporated and the state where it maintains its principal place of business.  28

U.S.C.§1332(c). Citizenship is determined as of the date of the commencement of the lawsuit. *Maddox v. George*, 921 F.Supp. 650, 651 (E.D. Mo. 1996). When deciding a question of domicile for diversity jurisdiction, the court must determine whether the party has a physical presence at the diverse location and if the party intends to make that a permanent home. *Sheehan v. Gustafson,* 967 F.2d 1214 (8th Cir.1992); *Janzen v. Goos,* 302 F.2d 421, 425 (8th Cir.1962). The Court strictly questions a party's intent when this jurisdictional move immediately precedes the filing of a suit. *Russell v. New Amsterdam Casualty Co,* 325 F.2d 996 (8th Cir. 1964).

A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court. 28 U.S.C. §1359. Statutes conferring federal jurisdiction are to be strictly construed and if the jurisdictional allegations are challenged by the defendant, the plaintiff has the burden of establishing jurisdiction by competent proof and by a preponderance of the evidence. *Russell v. New Amsterdam Cas. Co*. 325 F.2d 996, 998 (8th Cir. 1964).

### III. Diversity was manufactured.

The Branson Label, Inc. has long been a Missouri entity. The company was formed in Missouri on May 7, 1992 by Peter H. Rea, who provided an address of 118 ½ S. Commercial, Branson, Missouri. (Ex. A: *Articles of Incorporation of The Branson Label, Inc.*) Mr. Rea's name appears frequently through the many entities and conveyances used to try to confuse title to the Property, including the incorporation of Tori, Inc. (purportedly the source of Plaintiff's title) on November 13, 1967. (Ex. E: *Articles of Incorporation of Tori, Inc.*) Peter Rea served as the registered agent Missouri Branson Label and Tori, Inc. (Exs. A-E: *Articles of Incorporation and Annual Reports of Branson Label and Tori, Inc*)

4

Missouri Branson Label was formed to:

> "…operate a music recording business, sale and distribution of records, tapes, and compact disks, and any other provisions in connection with this business and not inconsistent with law."  (Ex. A: *Articles of Incorporation of The Branson Label, Inc.*)

From 1992 through 1994, Missouri Branson Label's principal place of business was at 118 ½ So. Commercial in Branson. (Ex. B: *Annual Reports of The Branson Label, Inc. for 1992 through 1994*.)  In 1995, Missouri Branson Label was administratively dissolved.  (Ex. C: *Administrative Dissolution of The Branson Label.*)   It was reinstated on July 8, 2013, at which time Missouri Branson Label filed its annual reports for the years 1995 through 2013.  (Ex. D: *Reinstatement and Annual Reports of The Branson Label, Inc.*) The lone officer and director listed for 1995 through July, 2013 was Peter Rea and the principal business address at the time of the reinstatement was 178 Lakeside Way, Forsyth, Missouri (Peter Rea's home). (Ex. D: *The Branson Label Inc. Reinstatement and Annual Reports*.)

On May 8, 2014, Florida Branson Label was incorporated in Florida.  (Ex. F: *Articles of Incorporation of The Branson Label, Inc. (Florida)*). The next day, Missouri Branson Label merged with Florida Branson Label. (Ex. G: *Plan of Merger*; and Ex. H: *Certificate of Merger (Missouri)*)  There is no city or town in Florida by the name of Branson.

Florida Branson Label has a purported business address of:  16620 Senterra Drive, Delray Beach, Florida.  (Ex. F: *Branson Florida Articles of Incorporation.*)  The property at 16620 Senterra Drive, Delray Beach, Florida is a residence that is listed for sale.  (Ex. I: *Palm Beach County Property Appraiser printout;* Ex. J: *Property Listing.)* Florida Branson Label has no business operations and no material assets other than its ownership of the cause of action asserted here.   Likewise, Missouri Branson Label had no business operations or material assets other than the instant cause of action.

5

## IV. Plaintiff is trying to avoid Taney County court.

The ownership of the property that is the subject of Plaintiff's claim has been the subject of years' of litigation in Taney County Circuit Court and is the subject of a case pending against The Branson Label, Inc. that was filed on April 4, 2014. The litigation over ownership of the Property has been complicated, costly, and time consuming. The Taney County Circuit Court cases that resolved ownership of the property are:

a. *The Empire District Electric Company v. The Branson Paper, Inc. et al*, Cause No.: 03 CV 787034 (referred to as "Quiet Title Case 1"). The Branson Paper is also a Peter Rea entity; and

b. *Bank of America et al v. Douglas A. Coverdell Et al*, Cause No.: 11AF-CC00244 ("Quiet Title Case 2").

Peter and Darlene Rea (Plaintiff's alleged source of title by quit claim deed) were parties to Quiet Title Case 1 whose interest in the Property was adjudicated. (Ex. K: *Quiet Title Case 1 pleading.*) Quiet Title Cases 1 and 2 also litigated the ownership interest of Douglas Coverdell and Coverdell Enterprises, Inc., each of whom claimed ownership of the Property through conveyances by Peter and Darlene Rea or an entity they formed, including Tori, Inc.

The Quiet Title Cases 1 and 2 were each decided on summary judgment and each quieted title in The City of Branson or the Empire District Electric Company and denied the claims of Coverdell and Rea and their respective entities. The cases are on appeal and at the briefing stage.

On April 4, 2014, one month before this suit was filed, Coverdell filed suit in the City of St. Louis Circuit Court against The Branson Label alleging that Peter and Darlene Rea were owners of Tori, that the Reas had transferred their interest in Tori to The Branson Label, and that title to the Property was then conveyed by warranty deed to Coverdell. (Ex. L: *Coverdell v. Branson Label, cause number 1422-CC00761.* Thus while this suit alleges that Peter and

Darlene Rea quitclaimed the Property to The Branson Label, the Coverdell claim alleges that Tori, Inc. first conveyed the property by General Warranty Deed to Coverdell.

Three cases filed in Missouri state court prior to this suit being filed involve Tori Inc., The Branson Label, and Darlene and Peter Rea and the validity of their ownership and conveyances in the Property. Two of those cases have already been decided adverse to the interest of Peter and Darlene Rea: the alleged grantors of Plaintiff's interest in the Property.

Plaintiff's manufacturing of diversity mere days before filing suit and filing of this suit in Federal Court evidences a desire to stay out of Taney County Circuit Court, which is intimately familiar with the Reas and their attempt to manipulate the property records, and have the claim decided anew in Federal Court, where it might get a fresh bite at the apple. Plaintiff's efforts should be seen for what they are: an attempt to fabricate jurisdiction for the purpose of getting into a different court to try to get a different result than that reached after the many years of litigating in Taney County.

Plaintiff's manufactured diversity in its attempt to burden the Federal courts with a claim that has been decided by Missouri state courts, at substantial expense to the defendants, should be rejected and its Complaint dismissed.

SUMMERS COMPTON WELLS LLC

 /s/ Daniel J. Welsh
DANIEL J. WELSH #49765MO
8909 Ladue Road
St. Louis, MO  63124
(314) 991-4999 (Telephone)
(314) 991-2413 (Facsimile)
dwelsh@summerscomptonwells.com

## CERTIFICATE OF SERVICE

  I hereby certify that on June 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

              */s/ Daniel J. Welsh*