# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| THE BRANSON LABEL, INC., ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | Cause No. 6:14-03220-CV-S-GAF |
| ) | |
| THE CITY OF BRANSON, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## THE EMPIRE DISTRICT ELECTRIC COMPANY'S
## MOTION TO DISMISS UNDER RULE 12(b)(1) AND 28 U.S.C. § 1359
## FOR LACK OF SUBJECT MATTER JURISDICTION

In accordance with FED. R. CIV. PRO. 12(b)(1) and 28 U.S.C. § 1359, The Empire District Electric Company respectfully moves this Court to dismiss this action in its entirety for want of subject-matter jurisdiction, and in support thereof states:

1. Although The Branson Label, Inc. premises its Complaint on diversity jurisdiction, diversity is lacking, and, to the extent it exists, has been improperly manufactured in violation of 28 U.S.C. § 1359, which bars the exercise of jurisdiction in this case.

2. This Court has noted that the "first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case." *Andron v. Gonzales*, 487 F. Supp. 2d 1089, 1091 (W.D. Mo. 2007) (Fenner, J.) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

3. Thus, while Empire District agrees with defendant HCW that dismissal is also appropriate for plaintiff's failure to state a claim under Rule 12(b)(6)—and on

other grounds not yet presented, such as abstention—any such questions themselves hinge on the answer to this "first and fundamental question."

4. Accordingly, Empire urges consideration of the defects in subject-matter jurisdiction as the preeminent issue before the Court, and requests leave to more fully articulate and brief its other grounds for dismissal only if further action is required after the Court's ruling on this motion.

5. For the reasons set forth above, and more fully explained in the accompanying suggestions and exhibits, this action should be dismissed for lack of subject-matter jurisdiction.

WHEREFORE, Defendant Empire District Electric Company prays for an Order dismissing the Complaint under FED. R. CIV. PRO. 12(b)(1) and 28 U.S.C. § 1359; for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

LATHROP & GAGE LLP

By: /s/ *Joshua Christensen*
Dan Nelson              #31486
Joshua B. Christensen   #63759
910 E. St. Louis, Suite 100
Springfield, MO  65806
(417) 886-2000  FAX:  886-9126
dnelson@lathropgage.com
jchristensen@lathropgage.com
***Attorneys for Defendant***
***Empire District Electric Company***

# CERTIFICATE OF SERVICE

   The undersigned hereby certifies that a complete copy of the foregoing was electronically filed this 11th day of June, 2014, with the Clerk of the Court using the CM/ECF

| | |
|---|---|
| Brett M. Doran<br>Gregory E. Ostfeld<br>Paul Del Aguila<br>Paul T. Fox<br>Greenberg Traurig, LLP<br>77 West Wacker Drive, Suite 3100<br>Chicago, IL 60601<br>Email: doranb@gtlaw.com<br>Email: ostfeldg@gtlaw.com<br>Email: delaguilap@gtlaw.com<br>Email: foxp@gtlaw.com<br>*Attorneys for Plaintiff* | S. Jacob Sappington<br>Randy P. Scheer<br>Sanders, Warren & Russell LLP<br>1949 E Sunshine Street, Suite 2-102<br>Springfield, MO 65804<br>Email: j.sappington@swrllp.com<br>Email: r.scheer@swrllp.com<br>*Attorneys for Plaintiff* |
| John Hein<br>William L. Sauerwein<br>Sauerwein, Simon, & Blanchard PC<br>147 N. Meramec<br>St. Louis, MO 63105<br>Email: jjh@sauerwein.com<br>Email: wls@sauerwein.com<br>*Attorneys for Defendant*<br>*City of Branson, MO* | Daniel J Welsh<br>Summers Compton Wells, LLC<br>8909 Ladue Road<br>St. Louis, MO 63124<br>Email: dwelsh@summerscomptonwells.com<br>*Attorneys for Defendant*<br>*HCW Development Company, LLC,*<br>*HCW Private Development, LLC, and*<br>*HCW North, LLC* |

               /s/ *Joshua Christensen*
               Joshua B. Christensen